IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| **Earl Langham, Jr.,** §<br>*Plaintiff* §<br>  §<br>v. §<br>  §<br>**Alma Fuentes, Lisa Davis, Sharon** §<br>**Keller, Ben Googins, Hon. Donna** §<br>**King, Deana Williamson, Stacy** §<br>**Hackenberg, Chelsea Valtierra, Brain** §<br>**Hutchins, Whitney Wester, Federal** §<br>**Trade Commission,** §<br>*Defendants* § | **1:19-CV-00938-RP** |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

**TO:   THE HONORABLE ROBERT PITMAN**
**UNITED STATES DISTRICT JUDGE**

Before the Court are the following motions:

1. Defendant's Motion to Dismiss Plaintiff's Complaint, filed October 24, 2019, by Stacy Hackenberg, Williamson County Justice of the Peace, Precinct Four (Dkt. 5);

2. Plaintiff's Motion-of-Default/Default-Judgment [Rule 55], filed October 28, 2019 (Dkt. 6);

3. Defendant's Motion to Dismiss Plaintiff's Complaint, filed October 28, 2019, by Lisa David,[1] Williamson County District Clerk (Dkt. 7); and

4. Defendant's Motion to Dismiss Plaintiff's Complaint, filed November 1, 2019, by Donna King, District Judge for the 26th Judicial District Court of Williamson County, Texas (Dkt. 8).

On May 20, 2020, the District Court referred the Motions to the undersigned Magistrate Judge for report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72, and Rule 1(d) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

---

[1] Defendant David points out that the Complaint erroneously refers to her as "Lisa Davis." Dkt. 7 at 1 n.1.

## I.  Background

Plaintiff Earl Langham Jr.[2] filed his Complaint on September 23, 2019, stating that he is "acting on Behalf of Tristen-Naronn-Burks." Dkt. 1 at 2. Langham alleges that Defendants "took it upon themselves to threaten and harass a young living man by the name of [Tristen-Naronn-Burks] who ask for my help, in his matter." *Id.* at 4. It appears that Burks received deferred adjudication on a state charge of criminal mischief and was ordered to pay restitution of more than $19,000. *See* Dkt. 1-2 at 17-18. Texas Attorney General Ken Paxton states that an arrest warrant was issued for Burks on October 14, 2019, for noncompliance with his probation terms. Dkt. 4 at 1. Among the relief Langham seeks is "the removal and Arrest of all those successor and assign name as Defendants with **PREJUDICE**." Dkt. 1 at 12.

In their Motions, Defendants Hackenberg, David, and King make several arguments for dismissal. These include, but are not limited to, insufficient process and insufficient service of process, pursuant to FED. R. CIV. P. 12(b)(4) and 12(b)(5); lack of subject-matter jurisdiction under Rule 12(b)(1); failure to state a claim, pursuant to Rule 12(b)(6); and that Plaintiff lacks standing and capacity to sue. Paxton asserts similar arguments as to standing, capacity, and insufficient service of process in an Insufficient Service Advisory filed on behalf of Defendants Alma Fuentes, Chelsea Valtierra, and Ben Googins, employees of the Williamson County Supervision and Corrections Department. Dkt. 4.

---

[2] Langham is no stranger to this Court. *See Langham v. Freedom Mortgage*, 1:19-CV-937-LY (W.D. Tex. Nov. 19, 2019) (order dismissing with prejudice criminal conspiracy case under FED. R. CIV. P. 12(b)(6) for failure to state a claim); *Langham v. Hill*, 1:19-CV-763-RP (W.D. Tex. July 26, 2019) (order dismissing with prejudice criminal conspiracy lawsuit under FED. R. CIV. P. 41(b)), *appeal dismissed*, No. 19-50934 (5th Cir. Dec. 6, 2019).

## II. Analysis

As an initial matter, the Complaint is signed by Langham, who states that he is acting on behalf of Tristen Naronn Burks. Langham is not a licensed attorney and asserts no cause of action on his own behalf.

A person may represent himself, but the law does not allow him to act as an attorney for others, even under a power of attorney. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); TEX. GOV'T CODE § 81.102(a) (prohibiting the practice of law in Texas unless the person is a member of the state bar); *Rodgers v. Lancaster Police & Fire Dept.*, 819 F.3d 205, 210 (5th Cir. 2016) (stating that although an individual may proceed *pro se* in civil actions in federal court, "it is equally certain that those not licensed to practice law may not represent the legal interests of others"); *Weber v. Garza,* 570 F.2d 511, 514 (5th Cir. 1978) (holding that "power of attorney" does not entitle plaintiff to engage in unauthorized practice of law on behalf of other plaintiffs by preparing legal papers, filing petitions and briefs, and generally acting as attorney in violation of state and federal provisions); *Guajardo v. Luna*, 432 F.2d 1324 (5th Cir. 1970) (holding that only licensed lawyers may represent others in federal court). Therefore, as a non-lawyer, Langham cannot represent Burks in this matter.

Because the case should be dismissed in its entirety due to Plaintiff's lack of capacity to sue, the Court need not address Defendants' other arguments.

## III. Recommendation

Based on the foregoing, the undersigned **RECOMMENDS** that the District Court **GRANT** the Motions to Dismiss filed by Defendants Hackenberg, David, and King (Dkts. 5, 7 and 9) and **DISMISS** this case in its entirety as to all Defendants *sua sponte* without prejudice.

The undersigned **FURTHER RECOMMENDS** that the District Court **DENY AS MOOT** Plaintiff's Motion-of-Default/Default-Judgment [Rule 55] (Dkt. 6).

**IT IS FURTHER ORDERED** that this case be removed from the Magistrate Court's docket and returned to the docket of the Honorable Robert Pitman.

### IV.   Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on June 30, 2020.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE